IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MISHA SANDERS
DOC# K53694,

    Plaintiff,

vs.                                     Case No. 4:18-cv-267-WS-MJF

GIDDONS, ET AL.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

**B. Giddons, Major Hamilton and Smith** ("Defendants"), move for dismissal pursuant to Federal Rule of Civil Procedure 12(b). Defendants' Motion is stated as follows:

## BACKGROUND

On May 31, 2018, Plaintiff filed her Complaint with this Court. *See* (Doc. 1).[1] Every complaint filed by Plaintiff contains the same operative facts with varying causes of action (Docs. 1, 27, 45, 57). In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss. (Doc. 15). Based on the filing of

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint. (Doc. 27). Defendants filed a Motion to Dismiss (Doc. 30). On August 13, 2019, Plaintiff filed another Second Amended Complaint (Doc. 45). Defendants filed a motion to dismiss (Doc. 49). On October 27, 2020, the Court issued an order striking Plaintiff's Second Amended Complaint for failure to comply with the Federal Rules of Procedure and directing Plaintiff to either amend her complaint or submit a voluntary dismissal (Doc. 52). On December 28, 2020, Plaintiff filed her Third Amended Complaint which is the operative pleading in this case and contains the same operative facts as her prior pleadings (Doc. 57).

## STATEMENT OF THE FACTS

1. Plaintiff is an inmate in the charge of the Florida Department of Corrections who is serving a sentence for various criminal charges.

2. Plaintiff's claims against Defendants stem from a strip search which was conducted on Plaintiff, in a stall, on September 19, 2017. *See* (Doc. 57 at 12).

3. Specifically, Plaintiff alleges that she was forced to submit to a strip search in a stall nearby other officers and inmates and that during and immediately after the search, unprofessional comments were made to her by officers. (Doc. 57 at 12-13).

4. Plaintiff does not appear to take issue with whether the strip search should have been conducted, but rather with the emotional distress, anxiety, and humiliation Plaintiff alleges to have felt as a result of the unprofessional comments allegedly made by Defendants. (Doc. 57 at 13).

5. As relief, Plaintiff requests nominal, compensatory and punitive damages, costs, fees and any other relief this Court deems "just, proper, and equitable." (Doc. 57 at 15).

## MEMORANDUM OF LAW

**I. Plaintiff fails to state a cause of action against Defendants.**

Plaintiff fails to state any kind of claim based on the allegations included within Plaintiff's Third Amended Complaint. However, as claims, Plaintiff alleges in conclusory terms that her 14th Amendment and Eighth Amendment Rights were violated by Defendants rude comments (Doc. 57 at 14). Each of Plaintiff's claims fails to state a cause of action and will be addressed below.

**A. Plaintiff fails to state a Fourteenth Amendment Claim.**

Plaintiff fails to state a cause of action under a theory of Due Process or the Fourteenth Amendment. To state a cause of action under the Due Process Clause, an inmate must demonstrate "an atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472 (1995). Inmates have no right to privacy from searches as they have no reasonable

expectation of privacy. *Hudson v. Palmer*, 468 U.S. 517 (1983). Likewise, warrantless body cavity searches are not unreasonable under the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 543 (1979). Searches of inmate simply do not implicate the Fourteenth Amendment.

With regards to Plaintiff's allegations related to the statements of the officers, such a claim would possibly implicate a conditions of confinement claim under the Eighth Amendment, though such statements by themselves do not demonstrate a cause of action. *Accord Edwards*, 867 F. 2d at 1274, n. 1; *Hernandez*, 281 F. App'x at 866. As the Eighth Amendment is implicated, Plaintiff cannot bring a cause of action under the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'"). The Supreme Court clarified:

> [*Graham*] does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, *Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.

*United States v. Lanier*, 520 U.S. 259, 272, n. 7 (1997). As a result, Plaintiff cannot state a claim based on violation of the Fourteenth Amendment.

**B. Plaintiff fails to state an Eighth Amendment Claim.**

Plaintiff does not specifically state the basis of her Eighth Amendment claim, but to the extent Plaintiff is alleging deliberate indifference or failure to protect under the Eighth Amendment Plaintiff fails to state a claim. As detailed throughout Plaintiff's Third Amended Complaint, Plaintiff was placed into a stall and subject to search where Plaintiff only complains about verbal abuse from officers. *See* (Doc. 57 at 12-13). However, law within this Circuit is clear that verbal abuse or harassment without any physical contact by prison officials against a prisoner does not state a constitutional violation sufficient to state a claim under § 1983. *Hernandez*, 281 Fed. App'x at 866. *See also Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982); *Collins v. Cundy*, 603 F. 2d 825 (10th Cir. 1979). Further, "[A] 'visual body cavity search' is a strip search that includes the visual examination of the anal and genital areas.'" *McCabe v. Mais*, 580 F.Supp.2d 815, 822 (N.D. Iowa 2008). In the prison context, inmates must submit to visual body cavity searches without individualized suspicion. *Padgett v. Donald*, 401 F.3d. 1273, 1278 (11th Cir. 2005). There is nothing inherently unreasonable about requiring visual body cavity searches. *Powell v. Barrett*, 541 F.3d 1298, 1305-1306 (11th Cir. 2008).

Plaintiff fails to state a cause of action for deliberate indifference or failure to protect. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of . . . inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To demonstrate an Eighth Amendment violation, a deprivation must be, "objectively, 'sufficiently serious,'" as "a prison official's act or omission must result in the denial of 'the minimalized civilized measures of life's necessities.'" *Id*. An inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*.

An inmate must also show that a prison official "must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 at 834. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. Deliberate indifference is a "state of mind more blameworthy than negligence." *Id*. at 835. Deliberate indifference has been equated with the definition of recklessness normally applied in criminal law. *Id*. at 837. More specifically, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn and that a substantial risk of harm

exists, and he must also draw the inference." *Id*. Put another way, to show a defendant acted with deliberate indifference, "a prisoner must show the official's: '(1) subjective knowledge of a risk of serious harm; (2) disregard that risk; and (3) by conduct that is more than mere negligence.'" *Bingham v. Thomas*, 654 F. 3d 1171, 1176 (11th Cir. 2011). "Thus, prison officials can avoid Eighth Amendment liability by showing (1) 'that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefor unaware of a danger,' (2) 'that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise were insubstantial or nonexistent,' or (3) that they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Farmer*, 511 at 844. *See also Milledge v. FDOC*, 760 Fed. App'x 741, 2019 WL 157563, *2 (11th Cir. 2019).

In this case, Plaintiff has made no plausible allegations of a substantial risk to her health or safety and no allegation of harm other than hurt feelings. Rather, and at most, Plaintiff alleges a degree of unprofessional verbal behavior by Defendants. No allegations are made that Plaintiff has somehow been put as risk based on Defendants' behavior. Plaintiff's material operative facts have not changed throughout each complaint filed. The essential allegations are that Defendants made rude offensive comments to Plaintiff that were unprofessional

7

and emotionally harmful to Plaintiff. Rude comments may be unprofessional, but they do not amount to a constitutional violation.

Further, Plaintiff's claims regarding alleged emotional distress fail to state a claim under the 8th Amendment as Plaintiff has failed to demonstrate an injury which is objectively greater than de *minimus*. *Moton v. Walker*, 545 Fed. App'x 856, 859-60 (11th Cir. 2013) (citing *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006)). *See also Newton v. Pardon*, 2015 WL 6692196, *2-*3 (N.D. Fla. 2015) *adopted by Newton v. Pardon*, 2015 WL 6681183 (N.D. Fla. 2015). Further, Plaintiff does not allege that the search was being conducted for anything other than to enforce a penological interest. *See* (Doc. 57 *generally*). As a result, Plaintiff fails to demonstrate any 8th Amendment violation. *See e.g. Newton*, 2015 WL 6692196 at *2-*3 *adopted by Newton*, 2015 WL 6681183.

To the extent that Plaintiff may be alleging that the conduct at issue constituted sexual harassment, such a claim is equally without merit. The Eleventh Circuit has stated that, "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X*, 437 F.3d at 1111. Taking the Plaintiff's allegations at face value, under no objective standard could the conduct at issue in this case meet the standard of being either severe or repetitive, or even constituting "sexual abuse," particularly in the absence of any physical contact. *See*

8

*Parker v. Singletary*, 2011 WL 720065, at *2 (N.D. Fla. 2011). Plaintiff's only allegations stem from alleged sexual comments made by the Defendants during the search conducted on September 19, 2017. (Doc. 57, *generally*). Even if comments were made as Plaintiff alleges, such comments do not rise to the necessary level of sexual harassment or a violation of the 8th Amendment. As a result, Plaintiff cannot establish a constitutional violation based upon these facts and her complaint should be dismissed with prejudice as any amendment would be futile.

**II.     Plaintiff has failed to demonstrate a physical injury sufficient to allow for recovery of compensatory or punitive damages.**

Alternatively, Plaintiff's compensatory or punitive damages must be dismissed. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit is in accord that, under 42 U.S.C. § 1997e(e), compensatory and punitive damages are unavailable absent physical injury. *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury; *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that § 1997e(e)

precludes an inmate's claims for compensatory and punitive damages without a prior showing of physical injury); *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated"). The physical injury requirement applies to all federal claims, including constitutional claims. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).

While 42 U.S.C. § 1997e(e) does not define "physical injury," the Eleventh Circuit has held that to satisfy the statute, the physical injury must be more than minimal, but need not be significant. *Daughtry v. Moore*, Slip Copy, 2009 WL 1151858, *5 (S.D. Ala. 2009), citing *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). *See also Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), vacated, 197 F.3d 1059, reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Mitchell v. Horn*, 318 F.3d 523, 536 (3rd Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 626-628 (9th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997), abrogated on other grounds by *Wilkins v. Gaddy*, 559 U.S. 34 (2010). In explaining the type of injury which is not barred by 28 U.S.C. § 1997e(e), some courts have proffered the following common-sense approach; "would the injury **require** or **not require** a free world person to <u>visit</u> an

emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (emphasis added). Stated another way:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Talley v. Johnson*, 2008 WL 2223259, *3 (M.D. Ga. 2008) (citing *Luong*). See also *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x. 555, 557 n.3 (11th Cir. 2014) (per curiam) (unreported op.) (citing *Luong*); *Brown v. McGowan*, 2014 WL 4538056, *7 (N.D. Fla. 2014) (same); *Kirkland v. Perkins*, 2014 WL 1333214, *13 n.7 (S.D. Fla. 2014) (same).

Further, the Eleventh Circuit has held that *Harris* and its progeny determined that § 1997e(e) foreclosed claims for both compensatory and punitive damages. *Al-Amin v. Smith*, 637 F.3d 1192, 1197-98 (11th Cir. 2011); *Fraizer v. McDonough*, 264 F. App'x 812, 815 (11th Cir. 2008). Nominal damages, however, are not precluded by § 1997e(e). *Fraizer*, 264 F. App'x at 815; *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by *Sossamon v.*

*Texas*, 563 U.S. 277, 283 n.3 (2011). Nominal damages are appropriate "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

Plaintiff has not alleged any physical injury which is greater than *de minimus* based on the actions of Defendants. *See* (Doc. 1). Plaintiff merely alleges that she was humiliated by officers based on a strip search of her person. (Doc. 57). Thus, Plaintiff's claims do not meet the threshold set in 42 U.S.C. § 1997e(e) to allow Plaintiff to recover compensatory or punitive damages. *See Harris*, 190 F.3d at 1286 (concluding that to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), reh'g *en banc* granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970 (11th Cir. 2000). Further, Plaintiff has failed to establish a constitutional violation to obtain nominal damages. Therefore, this Court cannot provide relief to the Plaintiff and the case must be dismissed.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that Plaintiff's claims against Defendants be dismissed with prejudice as the factual

allegations presented by Plaintiff cannot state a cause of action and further amendment would be futile.

> Respectfully submitted,
>
> **ASHLEY MOODY**
> **ATTORNEY GENERAL**
>
> /s/ Lori Huskisson
> **Lori Huskisson**
> Senior Assistant Attorney General
> Florida Bar No.: 0845531
> Office of the Attorney General
> The Capitol, PL-01
> Tallahassee, Florida 32399-1050
> Telephone: (850) 414-3300
> Facsimile: (850) 488-4872
> Lori.Huskisson@myfloridalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants' Motion to Dismiss* was e-filed through CM/ECF, and furnished by U.S. Mail to: Misha Sanders, DOC# K53694, Dade Correctional Institution, 19000 S.W. 377th Street, Florida City, Florida 33034-6409 on January 14, 2021.

> /s/ Lori Huskisson
> Lori Huskisson, Esq.

## CERTIFICATE OF WORD COUNT

**I hereby certify** that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this motion and memorandum is less than 8000 words.

/s/ Lori Huskisson
Lori Huskisson, Esq.